Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Ferdinand, J.), dated April 20, 2011, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered September 3, 2008, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is affirmed.
On March 14, 2008, the defendant, a native of Guyana and a lawful permanent resident of the United States, pleaded guilty to criminal sale of a controlled substance in the fifth degree, upon the understanding that if he successfully completed drug treatment, his plea would be vacated. The defendant failed to complete drug treatment and, on September 3, 2008, was sentenced to a term of six months of imprisonment. Thereafter, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense. On September 24, 2010, the defendant, citing Padilla v Kentucky (559 US 356 [2010]), moved to vacate the conviction on the ground that he was deprived of the right to the effective assistance of counsel by his attorney’s alleged failure to advise him of the immigration consequences of his plea. The Supreme Court summarily denied the defendant’s motion, based upon its conclusion that Padilla did not apply retroactively, and, additionally, upon finding that the defendant failed to show that his defense was prejudiced by defense counsel’s purported failure to advise him of the deportation consequences of his plea. By decision and order on motion dated August 17, 2011, a Justice of this Court granted leave to appeal from the Supreme Court’s order.
On February 20, 2013, the United States Supreme Court, in Chaidez v United States (568 US —, 133 S Ct 1103 [2013]), held that Padilla, decided on March 31, 2010, announced a new rule pursuant to the principle's set forth in Teague v Lane (489 US 288 [1989]), that the Sixth Amendment requires defense attorneys to inform noncitizen clients of the deportation risks of guilty pleas. As such, the Supreme Court concluded that the rule does not apply retroactively to persons whose convictions became final before Padilla was decided.
*728 Here, pursuant to Chaidez, the defendant cannot benefit from the Padilla rule, as his conviction became final, at the latest, on October 5, 2009, the last date on which he would have been permitted to seek leave to file a late notice of appeal.
The defendant and amicus curiae urge this Court to nonetheless apply Padilla retroactively pursuant to the authority in Danforth v Minnesota (552 US 264 [2008]), since the defendant also invokes his rights under the New York Constitution. In Danforth, the Supreme Court stated that the general rule enunciated in Teague of nonretroactive application of new constitutional rules of criminal procedure to cases on federal habeas review did not constrain the authority of state courts, when reviewing their own state criminal convictions, to give broader effect to the new rules than is required under Teague. However, we decline to do so.
In People v Pepper (53 NY2d 213 [1981], cert denied sub nom. New York v Utter, 454 US 1162 [1982]), the Court of Appeals addressed the issue of whether a new rule should be retroactively applied under the New York Constitution. It recognized three factors a court should weigh to determine whether to retroactively apply a new rule: (1) the purpose to be served by the new standard, (2) the extent to which law enforcement authorities relied upon the old standard, and (3) the effect a retroactive application of the new standard would have on the administration of justice (see id. at 220). The Court of Appeals explained that “the extent of the reliance and the nature of the burden on the administration of justice are of substantial significance only when the answer to the retroactivity question is not to be found in the purpose of the new rule itself” (id.). Thus, a new rule that goes “to the heart of a reliable determination of guilt or innocence” will be retroactively applied “where otherwise there could be a complete miscarriage of justice” (id. at 221). However, a new rule which is “only collateral to or relatively far removed from the fact-finding process at trial” (id.), will have only prospective application. Although the Supreme Court in Padilla held that the Sixth Amendment requires criminal defense counsel to inform their clients whether a guilty plea carries a risk of deportation, this new rule, rather than going to the heart of a reliable determination of guilt or innocence, instead concentrates on the defendant’s appreciation of the immigration consequences that may flow from an otherwise proper plea allocution (see People v Marshall, 39 Misc 3d 1214[A], 2013 NY Slip Op 50614[U] [Sup Ct, Bronx County 2013]).
Retroactive application of Padilla is also not warranted under the second and third Pepper factors. With regard to law enforce *729 ment reliance, prior to Padilla, a defendant could prevail on an ineffective-assistance-of-counsel claim only if it was established that counsel rendered incorrect advice regarding the immigration consequences of the guilty plea and that the defendant was prejudiced thereby (see People v McDonald, 1 NY3d 109 [2003]). The failure to advise a defendant of the possibility of deportation did not constitute ineffective assistance of counsel (see People v Ford, 86 NY2d 397 [1995]), and such failure to advise did not “affect the voluntariness of a plea of guilty or the validity of a conviction” (CPL 220.50 [7]). Thus, under the old standard, prosecutors could recommend acceptance of plea allocutions even where the defendant had not been advised of the immigration consequences of entering into the plea (see People v Marshall, 39 Misc 3d 1214[A], 2013 NY Slip Op 50614[U] [2013]). As to the third factor, retroactive application of the Padilla rule would potentially lead to an influx of CPL 440.10 motions to vacate the convictions of defendants whose guilty pleas were properly entered and accepted by courts under the old standard (cf. Policano v Herbert, 7 NY3d 588, 604 [2006]), thus adversely affecting the criminal justice system. Accordingly, we further find that under New York law, the Padilla rule should not be retroactively applied to cases like this one where the convictions became final prior to March 31, 2010, the date Padilla was decided.
Accordingly, the Supreme Court did not err in denying the defendant’s motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel.
The parties’ remaining contentions have been rendered academic by our determination. Eng, P.J., Dillon, Austin and Sgroi, JJ., concur.