■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUNIL SOODOO, Appellant. [972 NYS2d 290]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Erlbaum, J.), dated February 22, 2011, which denied, without a hearing, his motion pursuant

to CPL 440.10 to vacate a judgment of the same court (Joy, J.), rendered January 25, 1993, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

On January 4, 1993, the defendant, a Guyana native and lawful permanent resident of the United States, pleaded guilty to grand larceny in the fourth degree and, on January 25, 1993, he was sentenced to an indeterminate term of imprisonment of one to three years. Thereafter, Immigration and Customs Enforcement of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense. On October 14, 2010, the defendant moved to vacate the conviction on the ground that he was denied the right to effective assistance of counsel, alleging both that his attorney failed to advise him of the immigration consequences of his plea as required by *Padilla v Kentucky* (559 US 356 [2010]), and that the attorney incorrectly advised him that there would be no immigration consequences. The Supreme Court denied the defendant's motion, without a hearing, on the ground that, even assuming that *Padilla* applied retroactively, the defendant's allegations were insufficient to show that his attorney failed to advise or misadvised him as to the immigration consequences of his plea, or that his defense was prejudiced thereby. By decision and order dated February 21, 2012, a Justice of this Court granted leave to appeal from the Supreme Court's order.

In *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule stated in *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided. Although the defendant argues, pursuant to *Danforth v Minnesota* (552 US 264, 282 [2008]), that this Court should give broader retroactive effect to the *Padilla* rule than required under *Teague v Lane* (489 US 288 [1989]), we have declined to do so (*see People v Andrews*, 108 AD3d 727 [2013]; *see also People v Verdejo*, 109 AD3d 138 [2013]).

Here, without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under either the federal or state constitution, since "the failure of counsel to warn [a] defendant of the possibility of deportation [does not] constitute ineffective assistance of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]).

The defendant's contention that his attorney's alleged failure

to advise him of the plea's removal risks fell short of the professional norms of the day is unavailing since, prior to *Padilla,* "a lawyer's breach of those norms was constitutionally irrelevant because deportation was a collateral consequence" of the plea (*Chaidez v United States,* 568 US at — n 15, 133 S Ct at 1113 n 15).

The defendant's additional contention that his attorney misadvised him about the consequences of his plea by assuring him that deportation was unlikely was unsupported by any affidavits or other evidence, was made only after he was taken into custody by the immigration authorities, and contradicted his assertion that his attorney failed to mention the possibility of deportation at all. Accordingly, the Supreme Court did not err in determining that the petitioner's allegations that his attorney's performance was deficient in this matter did not warrant a hearing (*see* CPL 440.30 [4]; *People v Smiley,* 67 AD3d 713 [2009]; *People v Chiu Mei Lan Kwok,* 51 AD3d 814, 815 [2008]; *People v Kabre,* 29 Misc 3d 307, 322-323 [2010]; *cf. People v Picca,* 97 AD3d 170, 178-179 [2012]; *People v Williams,* 72 AD3d 1347 [2010]). Nor did the court err in denying the defendant's request for the appointment of counsel, since the defendant failed "in his papers [to] suggest[ ] a possible basis on the merits" (*see People ex rel. Williams v La Vallee,* 19 NY2d 238, 240-241 [1967]).

In any event, the defendant failed to sufficiently allege that the alleged deficiencies had the requisite impact on his defense under either the federal or state standards. His allegations failed to raise an issue of fact as to whether an incentive to remain in the United States would have made it rational to reject the plea offer in favor of risking a sentence of up to 12 additional years in prison by proceeding to trial (*see Padilla v Kentucky,* 559 US at 372; *People v Gooden,* 34 Misc 3d 1210[A], 2012 NY Slip Op 50029[U], *6 [2012]; *cf. People v Picca,* 97 AD3d at 184; *People v McKenzie,* 4 AD3d 437, 439-440 [2004]). Likewise, the record here provides no basis to conclude that the alleged lack of advice or misadvice was "egregious and prejudicial error" such that it denied him meaningful representation (*People v Benevento,* 91 NY2d 708, 713 [1998] [internal quotation marks omitted]; *see People v Caban,* 5 NY3d 143, 152 [2005]).

Accordingly, the Supreme Court did not err in denying the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel. Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.