■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY C., Appellant. (Appeal No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TONY C., Respondent. (Appeal No. 2.) [974 NYS2d 503]—

Appeals by (1) the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lewis, J.), dated December 15, 2010, as, after a hearing, denied that branch of his motion which was pursuant to CPL 440.10 to vacate a judgment of the same court (Linakis, J.) rendered September 25, 1991, convicting him of criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence (appeal No. 1), and (2) the People, as limited by their brief, from so much of an order of the same court (Lewis, J.) dated July 1, 2011, as, in effect, upon reargument, adhered to its original determination in the order dated December 15, 2010, sua sponte, in effect, vacating the conviction and adjudicating the defendant a youthful offender (appeal No. 2).

Ordered that the order dated December 15, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated July 1, 2011, is dismissed.

On September 4, 1991, the defendant, a native of Taiwan, pleaded guilty to two counts of criminal possession of a weapon in the third degree. On September 25, 1991, he was sentenced to a definite term of incarceration of one year on each count, to be served concurrently. In April 2010, the defendant, relying on *Padilla v Kentucky* (559 US 356 [2010]), moved, inter alia, pursuant to CPL 440.10 to vacate the judgment of conviction on

the ground that he was deprived of the constitutional right to the effective assistance of counsel by his attorney's alleged failure to advise him of the immigration consequences of his plea.

In an order dated December 15, 2010, made after a hearing, the Supreme Court denied the aforementioned branch of the defendant's motion, concluding that *Padilla* did not apply retroactively, and, additionally, that the defendant failed to show that his defense was prejudiced by defense counsel's purported failure to advise him of the immigration consequences of his plea. However, "in the interest of justice," the Supreme Court, sua sponte, in effect, vacated the conviction and adjudicated the defendant a youthful offender (*see* CPL 720.20).

In an order dated July 1, 2011, the Supreme Court, in effect, upon reargument, adhered to the original determination in the order dated December 15, 2010, sua sponte, in effect, vacating the conviction and adjudicating the defendant a youthful offender.

As the judgment of conviction became final prior to March 31, 2010, the date *Padilla* was decided, the *Padilla* rule should not be applied retroactively in this case (*see People v Andrews*, 108 AD3d 727, 728-729 [2013]; *see also Chaidez v United States*, 568 US —, 133 S Ct 1103 [2013]). Therefore, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment based on *Padilla*.

The Criminal Procedure Law expressly enumerates and describes the orders appealable by the People to the Appellate Division in a criminal case (*see* CPL 450.20; *People v Fetcho*, 91 NY2d 765, 769 [1998]), and "[n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (*People v Dunn*, 4 NY3d 495, 497 [2005] [internal quotation marks omitted]; *see People v Pagan*, 19 NY3d 368, 370 [2012]). As no statute authorizes an appeal by the People to the Appellate Division from an order, in effect, vacating a conviction and adjudicating a defendant a youthful offender (*see* CPL 450.20), the People's appeal must be dismissed (*see People v Joseph R.*, 17 NY3d 767, 768 [2011]; *People v Dunn*, 4 NY3d at 497; *People v Laing*, 79 NY2d 166, 170 [1992]). The proper vehicle for challenging the Supreme Court's determination is a CPLR article 78 proceeding in the nature of prohibition (*see Matter of Pirro v Angiolillo*, 89 NY2d 351, 355-356 [1996]; *see also People v Pagan*, 19 NY3d at 371). Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.