Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Camacho, J.), dated July 21, 2011, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Berkowitz, J.), rendered January 11, 1991, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is affirmed.
*844 On November 30, 1990, the defendant, a native of Colombia and a lawful permanent resident of the United States, pleaded guilty to sexual abuse in the first degree and, on January 11, 1991, was sentenced to a determinate term of imprisonment of six months and five years of probation. More than 20 years after the defendant was sentenced, in March 2011, the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense.
The defendant moved to vacate the conviction pursuant to CPL 440.10, on the ground that he was deprived of the effective assistance of counsel, alleging that his attorney failed to advise him of the immigration consequences of his plea, as required by Padilla v Kentucky (559 US 356 [2010]). The Supreme Court denied the defendant’s motion, without a hearing, on the ground that, even assuming that Padilla applied retroactively, the defendant had neither alleged facts nor provided evidentiary support to demonstrate that his attorney’s performance was deficient. By decision and order dated August 7, 2012, a Justice of this Court granted leave to appeal from the Supreme Court’s order.
In Chaidez v United States (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule set forth in Padilla, that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising out of a plea of guilty, does not apply retroactively to persons whose convictions became final before the date Padilla was decided. In People v Andrews (108 AD3d 727 [2013]), this Court declined to give broader retroactive effect to the Padilla rule under the New York Constitution and held that, under New York law, the Padilla rule should not be retroactively applied to cases where the convictions became final prior to March 31, 2010, the date Padilla was decided.
Here, the defendant’s conviction became final well before the date Padilla was decided and, thus, the rule in Padilla does not apply to this case. Without the benefit of the Padilla rule, the alleged failure of the defendant’s attorney to advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under either the federal or state constitution, since, prior to Padilla, “the failure of counsel to warn [a] defendant of the possibility of deportation [did not] constitute ineffective assistance of counsel” (People v Ford, 86 NY2d 397, 404 [1995]; see People v Soodoo, 109 AD3d 1014, 1015 [2013]).
Accordingly, the Supreme Court did not err in denying the *845 defendant’s motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel. Eng, PJ., Dickerson, Chambers and Hall, JJ., concur.