■ The People of the State of New York, Respondent, v Junior Vargas, Appellant. [978 NYS2d 279]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Chin-Brandt, J.), dated January 12, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered May 30, 2001, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

Pursuant to a negotiated disposition, on May 8, 2001, the defendant, a native of the Dominican Republic and lawful permanent resident of the United States, pleaded guilty to attempted robbery in the second degree. On May 30, 2001, he was sentenced as promised. Thereafter, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense. After the defendant was released to the custody of immigration authorities, he moved to vacate his conviction on the ground that he was denied the right to effective assistance of counsel, alleging that his attorney failed to advise him of the immigration consequences of his plea, as required by *Padilla v Kentucky* (559 US 356 [2010]). The Supreme Court denied the defendant's motion, without a hearing, holding that, either *Padilla* did not apply retroactively, or even assuming that it did apply retroactively, the defendant's allegations were insufficient to establish his claim that he was prejudiced by his attorney's alleged failure to inform him of the immigration consequences of his plea. By decision and order dated June 15, 2012, a Justice

of this Court granted the defendant leave to appeal from the Supreme Court's order.

In *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule stated in *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided. Although the defendant argues, pursuant to *Danforth v Minnesota* (552 US 264, 282 [2008]), that this Court should give broader retroactive effect to the *Padilla* rule than required under *Teague v Lane* (489 US 288 [1989]), we have declined to do so (*see People v Soodoo*, 109 AD3d 1014, 1015 [2013]; *People v Andrews*, 108 AD3d 727 [2013]).

Here, without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under the federal or state constitution. At the time of the defendant's guilty plea in 2001, defense counsel's performance was governed by the rule that "the failure of counsel to warn [a] defendant of the possibility of deportation" does not constitute ineffective assistance of counsel (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Soodoo*, 109 AD3d at 1015). The Court of Appeals recently overruled "only so much of *Ford* as suggests that a trial court's failure to tell a defendant about potential deportation is irrelevant to the validity of the defendant's guilty plea" (*People v Peque*, 22 NY3d 168, 195-196 [2013]). In the three cases consolidated for decision in *Peque*, the defendants raised, on direct appeal from their judgments of conviction, the issue of whether constitutional due process obligated the trial court to advise them of the deportation consequences of their guilty pleas. The instant appeal, however, is taken from an order denying a post-judgment motion in which the defendant contended only that his federal and state constitutional rights to the effective assistance of counsel were violated.

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Angiolillo, Hall and Cohen, JJ., concur.