The defendant moved pursuant to CPL 440.10 to vacate a judgment of conviction rendered May 31, 2007, upon his plea of guilty, on the ground that he was deprived of his right to the effective assistance of counsel. The defendant alleged that his attorney failed to advise him of the immigration consequences of his plea as required by Padilla v Kentucky (559 US 356 [2010]). The Supreme Court denied the defendant’s motion, without a hearing, holding that even if counsel’s representation was ineffective for failing to advise the defendant of the immigration consequences of his plea, the defendant failed to establish that he was prejudiced thereby. By decision and order on application dated January 31, 2012, a Justice of this Court granted leave to appeal from the Supreme Court’s order.
In Chaidez v United States (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule stated in Padilla does not apply retroactively to persons whose convictions became final before Padilla was decided. Although the defendant argues that, pursuant to Danforth v Minnesota (552 US 264, 282 [2008]), this Court should give broader retroactive effect to the Padilla rule than required under Teague v Lane (489 US 288 [1989]), this Court has declined to do so (see People v Soodoo, 109 AD3d 1014, 1015 [2013]; People v Andrews, 108 AD3d 727 [2013], lv denied 22 NY3d 1038 [Dec. 4, 2013]).
Here, without the benefit of the Padilla rule, the alleged failure of the defendant’s attorney to advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under either the federal or state constitution (see People v Vargas, 112 AD3d 979 [2013]; People v Soodoo, 109 AD3d at 1015.)
Accordingly, the Supreme Court did not err in denying the defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.