THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ARISTY, Appellant. [979 NYS2d 634]—

The defendant contends that his former counsel's omission constituted ineffective assistance of counsel under the rule set forth in *Padilla v Kentucky* (559 US 356 [2010]), and asks this Court to apply that rule retroactively to vacate his final judgment of conviction. However, the rule announced in *Padilla* has been held to apply only in those cases where the judgment of conviction was not yet final as of the date *Padilla* was decided (*see Chaidez v United States*, 568 US —, 133 S Ct 1103 [2013]), and this Court has expressly declined to afford the *Padilla* rule a more expansive retroactive effect under the New York State Constitution (*see People v Andrews*, 108 AD3d 727 [2013], *lv denied* 22 NY3d 1038 [2013]; *see also People v Vargas*, 112 AD3d 979 [2013]; *People v Alvarez*, 111 AD3d 843 [2013]; *People v Tony C.*, 110 AD3d 1093 [2013]; *People v Soodoo*, 109 AD3d 1014 [2013]).

Here, the defendant was convicted in 1997 and no appeal was

ever taken; hence, the judgment of conviction became final prior to March 31, 2010, when *Padilla* was decided. Accordingly, the defendant cannot avail himself of the *Padilla* rule, and the Supreme Court properly denied his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel (*see People v Vargas*, 112 AD3d 979 [ 2013]).

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.