The defendant contends that his former counsel’s omission constituted ineffective assistance of counsel under the rule set forth in Padilla v Kentucky (559 US 356 [2010]), and asks this Court to apply that rule retroactively to vacate his final judgment of conviction. However, the rule announced in Padilla has been held to apply only in those cases where the judgment of conviction was not yet final as of the date Padilla was decided (see Chaidez v United States, 568 US —, 133 S Ct 1103 [2013]), and this Court has expressly declined to afford the Padilla rule a more expansive retroactive effect under the New York State Constitution (see People v Andrews, 108 AD3d 727 [2013], lv denied 22 NY3d 1038 [2013]; see also People v Vargas, 112 AD3d 979 [2013]; People v Alvarez, 111 AD3d 843 [2013]; People v Tony C., 110 AD3d 1093 [2013]; People v Soodoo, 109 AD3d 1014 [2013]).
Here, the defendant was convicted in 1997 and no appeal was *871 ever taken; hence, the judgment of conviction became final prior to March 31, 2010, when Padilla was decided. Accordingly, the defendant cannot avail himself of the Padilla rule, and the Supreme Court properly denied his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel (see People v Vargas, 112 AD3d 979 [2013]).
In light of our determination, we need not reach the defendant’s remaining contention. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.