Appeal by the defendant, by permission, from an order of the Supreme Court, Suffolk County (Hinrichs, J.), dated August 4, 2011, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 14, 2009, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. Justice Mastro has been substituted for former Justice Angiolillo (see 22 NYCRR 670.1 [c]).
Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for an evidentiary hearing on the defendant’s motion, and for a new determination of the motion thereafter.
The defendant, a native of Honduras who is in the United States under temporary protected status, pleaded guilty to assault in the second degree. Thereafter, the Supreme Court imposed the agreed-upon sentence of five years of probation. Subsequently, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that the conviction was a deportable offense. On April 13, 2011, *685 the defendant, relying on Padilla v Kentucky (559 US 356 [2010]), moved to vacate his conviction on the ground, among others, that he was deprived of his right to the effective assistance of counsel by his attorney’s alleged failure to advise him of the immigration consequences of his plea, and asserted that Padilla should be applied retroactively. The Supreme Court denied the defendant’s motion, without a hearing, based upon its conclusion that Padilla did not apply retroactively. By decision, order, and certificate granting leave to appeal on application dated March 29, 2012, a Justice of this Court granted the defendant leave to appeal from the order.
In Chaidez v United States (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule stated in Padilla does not apply retroactively to persons whose convictions became final before Padilla was decided. While the defendant submitted his brief prior to the United States Supreme Court’s decision in Chaidez, inasmuch as the defendant argues, in effect, that this Court should give broader retroactive effect to the Padilla rule than required under Teague v Lane (489 US 288 [1989]; see generally Danforth v Minnesota, 552 US 264, 282 [2008]), we have declined to do so (see People v Andrews, 108 AD3d 727 [2013]).
Nevertheless, for present purposes, the defendant’s conviction here did not become final until June 14, 2010, the last date on which he would have been permitted to seek leave to file a late notice of appeal (see People v Andrews, 108 AD3d at 728; see also CPL 460.10 [1] [a]; 460.30 [1]; General Construction Law § 25-a [1]). Thus, the defendant’s conviction was not final when Padilla was decided on March 31, 2010 (see Padilla v Kentucky, 559 US 356 [2010]).
“In order to prevail on a claim that, prior to deciding whether to plead guilty, a defendant was deprived of the right to the effective assistance of counsel under the United States Constitution, he or she must meet the two-part standard set forth in Strickland v Washington (466 US [668,] 688 [1984]; see People v McDonald, 1 NY3d 109, 113 [2003])” (People v Picca, 97 AD3d 170, 177 [2012]). “Under the first prong of that standard, the ‘defendant must show that counsel’s representation fell below an objective standard of reasonableness’ ” (id. at 177, quoting Strickland v Washington, 466 US at 688; see People v McDonald, 1 NY3d at 113). “The second prong ‘focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process’ ” (People v Picca, 97 AD3d at 177, quoting Hill v Lockhart, 474 US 52, 59 [1985]; see People v McDonald, 1 NY3d at 114).
*686 “With respect to the first prong of the Strickland standard, prior to the United States Supreme Court’s decision in Padilla, it was the law of this State that defense counsel was not under a duty to advise defendants of the removal consequences of a plea of guilty because such consequences were deemed to be collateral to the sentence” (People v Picca, 97 AD3d at 177 [internal quotation marks omitted]; see People v McDonald, 1 NY3d at 114; People v Ford, 86 NY2d 397, 403 [1995]; see also People v Vargas, 112 AD3d 979 [2013]). “Thus, prior to Padilla, defendants could only assert valid ineffective assistance claims where their attorneys had provided them with affirmatively incorrect advice regarding removal consequences” (People v Picca, 97 AD3d at 177-178; see People v McDonald, 1 NY3d at 114-115).
In Padilla, the Supreme Court held that the Sixth Amendment to the United States Constitution requires an attorney for a criminal defendant to provide advice to the defendant about the risk of deportation which will arise as a result of a plea of guilty (see Padilla v Kentucky, 559 US 356 [2010]; see also Chaidez v United States, 568 US at —, 133 S Ct at 1105). Thus, in those cases in which Padilla is applicable, “where an attorney fails to advise a criminal defendant, or misadvises the defendant, regarding clear removal consequences of a plea of guilty, his or her representation falls below an objective standard of reasonableness” (People v Picca, 97 AD3d at 178; see Padilla v Kentucky, 559 US at 366-369).
Here, the defendant established, sufficiently to warrant an evidentiary hearing (see generally CPL 440.10), that his attorney’s performance fell below an objective standard of reasonableness, inasmuch as the evidence submitted in support of his motion supported his claim that his attorney failed to advise him concerning the immigration consequences of his guilty plea (see generally Padilla v Kentucky, 559 US 356 [2010]).
“To satisfy the second prong of the Strickland standard, also known as the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial” (People v Picca, 97 AD3d at 180 [internal quotation marks omitted]; see Hill v Lockhart, 474 US at 59; People v McDonald, 1 NY3d at 115). “In the context of a Padilla claim, the defendant ‘must convince the court that a decision to reject the plea bargain would have been rational under the circumstances’ ” (People v Picca, 97 AD3d at 180, quoting Padilla v Kentucky, 559 US at 372). Under the particular circumstances of this case, the defendant established, sufficiently to warrant *687 an evidentiary hearing, that a decision to reject the plea bargain would have been rational.
Thus, the Supreme Court should not have denied, without a hearing, the defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction.
Mastro, J.P, Dickerson, Austin and Hinds-Radix, JJ., concur.