■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIZWAN ARIF, Appellant. [982 NYS2d 543]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Braslow, J.), dated July 26, 2010, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 26, 2005, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant moved pursuant to CPL 410.10 to vacate a judgment of conviction rendered July 26, 2005, upon his plea of guilty, on the ground that he was deprived of his right to the effective assistance of counsel. In support of his motion, the defendant averred that his attorney had failed to advise him of the immigration consequences of his plea as required by *Padilla v Kentucky* (559 US 356 [2010]). The County Court denied the defendant's motion, without a hearing, concluding that he had failed to establish that his attorney's alleged failure to advise him of the immigration consequences of his plea denied him the effective assistance of counsel. By decision and order on application dated July 14, 2011, a Justice of this Court granted leave to appeal from the County Court's order.

In *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule announced in *Padilla* does not apply retroactively to persons whose convic-

tions became final before *Padilla* was decided. This Court has declined to afford the *Padilla* rule a more expansive retroactive effect under the New York State Constitution (*see People v Andrews*, 108 AD3d 727 [2013], *lv denied* 22 NY3d 1038 [2013]; *see also People v Vansertima*, 113 AD3d 705 [2014]; *People v Vargas*, 112 AD3d 979 [2013]; *People v Alvarez*, 111 AD3d 843 [2013]).

Here, the defendant's conviction became final well before *Padilla* was decided on March 31, 2010. Without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the immigration consequences of his plea could not constitute ineffective assistance under either the federal or state constitution (*see People v Vansertima*, 113 AD3d 705 [2014]; *People v Vargas*, 112 AD3d 979 [2013]; *People v Alvarez*, 111 AD3d 843 [2013]; *People v Soodoo*, 109 AD3d 1014, 1015 [2013]). Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.