■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAGUIDY LAMBERT, Appellant. [982 NYS2d 550]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Paynter, J.), dated May 10, 2012, which denied, without a hearing, his motion pursuant to

CPL 440.10 to vacate a judgment of the same court (Grosso, J.), rendered July 25, 2001, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

On June 11, 2001, the defendant, a Haitian native and lawful permanent resident of the United States, pleaded guilty to attempted criminal possession of a controlled substance in the third degree. On July 25, 2001, he was sentenced, in accordance with the plea agreement, to a period of five years of probation on condition that he complete a substance abuse counseling program monitored by Treatment Alternatives to Street Crime. In December 2010, United States Immigration and Customs Enforcement initiated a removal proceeding against the defendant on the ground that the conviction was a deportable offense.

On November 10, 2011, the defendant moved to vacate the conviction pursuant to CPL 440.10, on the ground that he was deprived of the effective assistance of counsel because his attorney failed to advise him of the immigration consequences of his plea in accordance with *Padilla v Kentucky* (559 US 356 [2010]). The Supreme Court denied the defendant's motion, without a hearing, on the ground that, whether or not *Padilla* applied retroactively, the defendant failed to show that he was prejudiced by defense counsel's alleged failure to advise him of  the immigration consequences of his plea. By decision and order on motion dated August 9, 2012, a Justice of this Court granted leave to appeal from the Supreme Court's order.

In *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule set forth in *Padilla*, that the Sixth Amendment to the United States Constitution requires an attorney for a criminal defendant to provide advice about the risk of deportation arising out of a plea of guilty, does not apply retroactively to persons whose convictions became final before the date *Padilla* was decided. In *People v Andrews* (108 AD3d 727 [2013], *lv denied* 22 NY3d 1038 [2013]), this Court declined to give broader retroactive effect to the *Padilla* rule under the New York Constitution and held that, under New York law, the *Padilla* rule should not be retroactively applied to cases where the convictions became final prior to March 31, 2010, the date *Padilla* was decided.

Here, the defendant's conviction became final well before the date *Padilla* was decided and, thus, the rule in *Padilla* does not apply to this case. Without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the possibility that he might be deported as a result of his plea does

not constitute deficient performance under either the federal or state constitution, since, prior to *Padilla*, "the failure of counsel to warn [a] defendant of the possibility of deportation [did not] constitute ineffective assistance of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Vansertima*, 113 AD3d 705 [2014]; *People v Vargas*, 112 AD3d 979 [2013]; *People v Alvarez*, 111 AD3d 843, 844 [2013]; *People v Soodoo*, 109 AD3d 1014, 1015 [2013]).

Accordingly, the Supreme Court did not err in denying the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel. Dickerson, J.P., Chambers, Austin and Sgroi, JJ., concur.