■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA VASQUES, Appellant. [983 NYS2d 88]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Paynter, J.), dated March 8, 2011, which denied, after a hearing, her motion pursuant to CPL 440.10 to vacate a judgment of the same court (Chetta, J.), rendered July 9, 1996, convicting her of criminal possession of a controlled substance in the fourth degree, upon her plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

On October 27, 2010, the defendant moved to vacate a judgment rendered July 9, 1996, upon her plea of guilty, convicting her of criminal possession of a controlled substance in the fourth degree, on the ground that she was deprived of her right to the effective assistance of counsel. The defendant was sentenced to five years' probation. In support of the motion to vacate the judgment, the defendant testified that her attorney had failed to advise her of the immigration consequences of her plea as required by *Padilla v Kentucky* (559 US 356 [2010]). The defendant argued that she would not have entered a plea of guilty, or would have attempted to negotiate a plea without immigration consequences, had she known that entering the plea involved a risk of deportation.

The Supreme Court denied the defendant's motion, after a hearing, based on a finding that her attorney was not required to advise her, in 1996, about possible immigration consequences. The court noted that the stricter immigration laws which prompted the United States Supreme Court's determination in *Padilla v Kentucky* (559 US 356 [2010]) were implemented after the defendant was arrested. By decision and order on application dated July 8, 2011, a Justice of this Court granted leave to appeal from the Supreme Court's order.

In *Chaidez v United States* (568 US —, —, 133 S Ct 1103, 1105 [2013]), the United States Supreme Court held that the rule announced in *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided. This Court has declined to afford the *Padilla* rule a more expansive retroactive effect under the New York State Constitution (*see People v Andrews*, 108 AD3d 727 [2013], *lv denied* 22 NY3d 1038 [2013]; *see also People v Vansertima*, 113 AD3d 705 [2014]; *People v Vargas*, 112 AD3d 979 [2013]; *People v Alvarez*, 111 AD3d 843 [2013]).

Here, the defendant's conviction became final long before *Padilla* was decided on March 31, 2010. Without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise her of the possibility that she might be deported as a result of her plea did not constitute ineffective assistance of counsel under either the federal or state constitution at the time of the defendant's guilty plea in 1996 (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Vargas*, 112 AD3d at 980; *People v Alvarez* 111 AD3d at 844).

Accordingly, the Supreme Court did not err in denying the defendant's motion pursuant to CPL 440.10 to vacate her judgment of conviction on the ground of ineffective assistance of counsel. Rivera, J.P., Lott, Roman and Cohen, JJ., concur.