The People of the State of New York, Respondent, v Gregory Clarke, Appellant. [983 NYS2d 324]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Hirsch, J.), dated May 9, 2011, which denied his motion pursuant to CPL 440.10 to vacate (1) a judgment of the same court (Rotker, J.) rendered December 15, 2000, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence, (2) an amended judgment of the same court (Cooperman, J.) rendered April 6, 2006, revoking the sentence of probation previously imposed by the same court on December 15, 2000, upon a finding that he violated a condition thereof, upon his admission, and imposing a term of imprisonment upon his previous conviction of assault in the second degree, and (3) an amended judgment of the same court (Cooperman, J.) rendered October 28, 2010, resentencing the defendant to a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed by the same court on April 6, 2006.

Ordered that the order is affirmed, without costs or disbursements.

On September 28, 2000, the defendant, a native of Jamaica and a lawful permanent resident of the United States, pleaded guilty to assault in the second degree. On December 15, 2000, the defendant was sentenced in accordance with the plea agreement to a conditional sentence of five years' probation.

On February 14, 2003, the defendant, while still on probation, was arrested and charged with criminal possession of a weapon in the third degree, criminal possession of a forged instrument in the second degree, and unlawful wearing of a body vest. After a jury trial, the defendant was found guilty of all charges. He subsequently entered a plea of guilty to violating the terms of his probation, and on April 6, 2006, his initial conditional sentence was revoked and he was resentenced to a determinate term of imprisonment. On October 28, 2010, he was resentenced to add a period of postrelease supervision.

After the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated deportation proceedings against him, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction rendered December 15, 2000, the amended judgment rendered April 6, 2006, and the amended judgment rendered October 28, 2010. He contended that, pursuant to *Padilla v Kentucky* (559

US 356 [2010]), he had been denied the effective assistance of counsel when his attorneys failed to advise him regarding the deportation consequences of his pleas. The Supreme Court denied the defendant's motion and this Court granted leave to appeal.

In *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule stated in *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided. Although the defendant argues that, pursuant to *Danforth v Minnesota* (552 US 264, 282 [2008]), this Court should give broader retroactive effect to the *Padilla* rule than required under *Teague v Lane* (489 US 288 [1989]), this Court has declined to do so (*see People v Soodoo*, 109 AD3d 1014 [2013]; *People v Andrews*, 108 AD3d 727 [2013]).

The defendant's conviction became final well before *Padilla* was decided. Without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the possibility that he might be deported as a result of his pleas did not constitute deficient performance under either the federal or state constitution at the time he entered those pleas (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Soodoo*, 109 AD3d 1014 [2013]). Moreover, insofar as the defendant contends that his attorney's failure to negotiate a plea and sentence that would have put him in a better position to fight deportation fell short of the professional norms of the day, his contention is without merit. Even if his attorney's representation fell short of the professional norms of the day, prior to *Padilla* a "breach of those norms was constitutionally irrelevant because deportation was a collateral consequence" of the plea (*Chaidez v United States*, 568 US at — n 15, 133 S Ct at 1113 n 15).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court did not err in denying the defendant's motion pursuant to CPL 440.10. Dillon, J.P., Hall, Austin and Duffy, JJ., concur. **[As amended by 2014 NY Slip Op 76545(U).]**