Appeal by the defendant, by permission, from an order of the *753 County Court, Orange County (Freehill, J.), dated April 11, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered December 2, 1996, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is affirmed.
The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was denied the right to the effective assistance of counsel, alleging that his attorney failed to advise him of the immigration consequences of his plea as required by Padilla v Kentucky (559 US 356 [2010]). The Supreme Court summarily denied the defendant’s motion. By decision and order on application dated February 6, 2013, a Justice of this Court granted leave to appeal.
In Chaidez v United States (568 US —, 133 S Ct 1103 [2013]) the United States Supreme Court held that the rule set forth in Padilla, that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising out of a plea of guilty, does not apply retroactively to persons whose convictions became final before the date Padilla was decided. In People v Andrews (108 AD3d 727 [2013]), this Court declined to give broader retroactive effect to the Padilla rule under the New York Constitution and held that, under New York law, the Padilla rule should not be retroactively applied to cases where the convictions became final prior to March 31, 2010, the date Padilla was decided.
Here, the defendant’s conviction became final well before the date Padilla was decided and, thus, the rule in Padilla does not apply. Without the benefit of the Padilla rule, the alleged failure of the defendant’s attorney to advise him of the immigration consequences of his plea does not constitute deficient performance under either the federal or state constitution, since, prior to Padilla, “the failure of counsel to warn [a] defendant of the possibility of deportation [did not] constitute ineffective assistance of counsel” (People v Ford, 86 NY2d 397, 404 [1995]; see People v Alvarez, 111 AD3d 843 [2013]; People v Soodoo, 109 AD3d 1014, 1015 [2013]).
Accordingly, the County Court did not err in denying the defendant’s motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel.
Eng, PJ., Miller, Hinds-Radix and Maltese, JJ., concur.