■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON J. VARGAS, Appellant. [986 NYS2d 492]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Weber, J.), dated May 18, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered February 14, 1991, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

Pursuant to a negotiated disposition, on December 20, 1990, the defendant, a native of the Dominican Republic and, at that time, a lawful permanent resident of the United States, pleaded guilty to attempted criminal sale of a controlled substance in the third degree. On February 14, 1991, he was sentenced as promised. In 2010, the defendant was convicted of another felony, and sentenced to a term of imprisonment. Shortly after his arrest for that felony, the Immigration and Customs Enforcement Unit of the United States Department of Homeland Security initiated removal proceedings against the defendant on the ground that his 1991 conviction of criminal sale of a controlled substance in the third degree was a deportable offense. In those proceedings, the defendant conceded removability based on the 1991 conviction, but sought discretionary relief from deportation. The United States Immigration Court denied the defendant's application, and directed that the defendant be deported. The Board of Immigration Appeals affirmed the order.

Thereafter, the defendant moved to vacate his 1991 conviction on the ground that he was deprived of the right to effective

assistance of counsel, alleging that his attorney failed to advise him of the immigration consequences of his plea, as required by *Padilla v Kentucky* (559 US 356 [2010]). The County Court denied the defendant's motion, without a hearing, holding that *Padilla* did not apply retroactively and, in any event, the defendant failed to establish that he was prejudiced by his attorney's alleged failure to inform him of the immigration consequences of his plea. By decision and order dated September 11, 2012, a Justice of this Court granted the defendant leave to appeal from the County Court's order.

In *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that the rule stated in *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided. Although the defendant argues, pursuant to *Danforth v Minnesota* (552 US 264, 282 [2008]), that this Court should give broader retroactive effect to the *Padilla* rule than required under *Teague v Lane* (489 US 288 [1989]), we have declined to do so (*see People v Soodoo*, 109 AD3d 1014, 1015 [2013]; *People v Andrews*, 108 AD3d 727 [2013]).

Here, without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under the United States or New York Constitutions. At the time that the defendant entered his plea of guilty in 1990, defense counsel's performance was governed by the rule that "the failure of counsel to warn [a] defendant of the possibility of deportation" did not constitute ineffective assistance of counsel (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Vargas*, 112 AD3d 979 [2013]; *People v Soodoo*, 109 AD3d at 1015; *cf. People v Peque*, 22 NY3d 168, 196-197 [2013]).

In light of our determination, we need not reach the defendant's remaining contention. Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.