■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW CHACKO, Appellant. [989 NYS2d 890]—

Appeal by the defendant, by permission, from an order of the County Court, Westchester County (Zambelli, J.), entered February 2, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Smith, J.), rendered December 12, 2000, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence, or alternatively, pursuant to CPL 440.20 to set aside the sentence imposed.

Ordered that the order is affirmed.

On March 31, 2010, the United States Supreme Court held in *Padilla v Kentucky* (559 US 356 [2010]) that the Sixth Amendment requires defense attorneys to inform noncitizen clients of the deportation risks of guilty pleas. Thereafter, in *Chaidez v United States* (568 US —, 133 S Ct 1103 [2013]), the United States Supreme Court held that *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided. Although the defendant argues, pursuant to *Danforth v Minnesota* (552 US 264, 282 [2008]), that, as a matter of New York law, broader retroactive effect should be given to the *Padilla* rule than is required under *Teague v Lane* (489 US 288 [1989]), the Court of Appeals has declined to do so (*see People v Baret*, 23 NY3d 777 [2014]; *see also People v Vargas*, 117 AD3d 885, 886 [2014]; *People v Soodoo*, 109 AD3d 1014, 1015 [2013]; *People v Verdejo*, 109 AD3d 138 [2013]; *People v Andrews*, 108 AD3d 727 [2013]).

Here, without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under the United States or New York Constitutions. At the time that the defendant entered his plea of guilty in 2000, defense counsel's performance was governed by the rule that "the failure of [defense] counsel to warn [a] defendant of possible deportation" did not constitute ineffective assistance of counsel (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Vargas*, 112 AD3d 979 [2013]; *People v Soodoo*, 109 AD3d at 1015; *cf. People v Peque*, 22 NY3d 168,

196-197 [2013]). Therefore, the County Court properly denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.10 vacate the judgment of conviction.

The County Court also properly denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.20 to set aside the sentence imposed. CPL 440.20 authorizes a sentence to be set aside on the grounds that it is "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). The defendant has failed to show that the sentence imposed should be vacated on those grounds, and his claim that the sentence is excessive may not be raised on a CPL 440.20 motion (*see People v Jean-Louis*, 74 AD3d 1481, 1483 [2010]; *People v Boyce*, 12 AD3d 728, 730 [2004]; *People v Cunningham*, 305 AD2d 516, 517 [2003]). Contrary to the defendant's contention, the sentence imposed was not unconstitutional as applied to him or violative of the prohibition against cruel and unusual punishments (*see* US Const 8th Amend; NY Const, art I, § 5; *People v Thompson*, 83 NY2d 477 [1994]; *People v Broadie*, 37 NY2d 100 [1975]). Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.