■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY ASTWOOD, Appellant. [998 NYS2d 113]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Richmond County (Rienzi, J.), dated December 21, 2012, which, without a hearing, denied her motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 15, 2001, convicting her of unlawful imprisonment in the first degree, upon her plea of guilty, on the ground that she was deprived of the effective assistance of counsel.

Ordered that the order is affirmed.

In 2001, the defendant was convicted, upon her plea of guilty, of unlawful imprisonment in the first degree. In 2012, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that she was deprived of the effec-

tive assistance of counsel, contending that her attorney was ineffective for failing to advise her that her conviction would result in her designation as a sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]).

The Supreme Court properly denied the defendant's motion. SORA registration is a collateral consequence of a guilty plea (*see People v Gravino*, 14 NY3d 546, 550 [2010]). The defendant's conviction became final prior to the date the United States Supreme Court decided *Padilla v Kentucky* (559 US 356 [2010]), which held that defense counsel were required to advise defendants of the deportation consequences of a guilty plea. Prior to that decision, it was the law of this State that defense counsel were not under a duty to advise defendants of collateral consequences of their guilty pleas (*see People v Baret*, 23 NY3d 777, 784-785 [2014]; *People v Varenga*, 115 AD3d 684, 686 [2014], *lv granted* 23 NY3d 1068 [2014]; *People v Picca*, 97 AD3d 170, 177 [2012]). However, *Padilla* does not apply retroactively in state court postconviction proceedings (*see People v Baret*, 23 NY3d at 781), or in federal collateral review (*see Chaidez v United States*, 568 US —, —, 133 S Ct 1103, 1108-1109 [2013]). Accordingly, the defendant's contention that the holding of *Padilla* should apply here with respect to counsel's alleged failure to advise her of the SORA consequences of her guilty plea is without merit.

The defendant's remaining contention is without merit. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.