■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARTH TAYLOR, Appellant. [1 NYS3d 354]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Dowling, J.), dated January 15, 2013, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Ambrosio, J.), rendered August 9, 2000, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

On March 31, 2010, the United States Supreme Court held in *Padilla v Kentucky* (559 US 356 [2010]) that the Sixth Amendment requires defense attorneys to inform noncitizen clients of the deportation risks of guilty pleas. However, *Padilla* does not apply retroactively to persons whose convictions became final before *Padilla* was decided (see *Chaidez v United States*, 568 US —, 133 S Ct 1103 [2013]; *People v Baret*, 23 NY3d 777, 782 [2014]). Without the benefit of the *Padilla* rule, the alleged failure of the defendant's attorney to properly advise him of the possibility that he might be deported as a result of his plea does not constitute deficient performance under the United States or New York Constitutions. At the time that the defendant entered his plea of guilty in 2000, defense counsel's performance was governed by the rule that "the failure of [defense] counsel to warn [a] defendant of the possibility of deportation [did not] constitute ineffective assistance of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995], *overruled sub nom. People v Peque*, 22 NY3d 168 [2013]; *see People v Chacko*, 119 AD3d 955 [2014];

*People v Vargas*, 117 AD3d 885 [2014]; *People v Lezama*, 117 AD3d 752 [2014]). Accordingly, the Supreme Court properly denied the defendant's motion to vacate his judgment of conviction on the ground of ineffective assistance of counsel.

Moreover, the defendant failed to preserve his current challenges to the knowing, intelligent, and voluntary nature of his plea (*see* CPL 470.05 [2]; *see People v Peque*, 22 NY3d at 183; *People v Hardee*, 84 AD3d 835 [2011]). In any event, the plea record refutes the defendant's contention that he did not understand he could be deported as a result of his guilty plea, and otherwise reveals that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536 [1993]; *People v Hardee*, 84 AD3d at 836; *cf. People v Nicholas*, 8 AD3d 300, 300-301 [2004]).

The defendant's remaining contentions involve matter dehors the record, and therefore cannot be considered on this appeal. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.