■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGES MARTIAL, Appellant. [2 NYS3d 592]—

Appeal by the defendant, by permission, from an order of the County Court, Rockland County (Apotheker, J.), dated September 24, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the

same court rendered December 16, 2011, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for an evidentiary hearing on the defendant's motion and a new determination of the motion thereafter.

The defendant pleaded guilty to criminal possession of a controlled substance in the third degree. Thereafter, the defendant moved to vacate his conviction pursuant to CPL 440.10 on the ground that he was deprived of his right to the effective assistance of counsel due to counsel's failure to advise him of the immigration consequences of his plea. By order dated September 24, 2012, the County Court denied the defendant's motion without a hearing. By decision and order on motion dated December 1, 2014, this Court granted the defendant's application for a certificate granting leave to appeal from the order.

CPL 440.10 (2) (c) provides that the court must deny a motion to vacate a judgment when "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

Here, the County Court erred when it summarily denied the defendant's motion pursuant to CPL 440.10 (2) (c), as sufficient facts did not appear on the record to have permitted adequate review upon the appeal by the defendant, and, in any event, at the time of the order appealed from, the defendant had not failed to take or perfect an appeal within the prescribed period.

Moreover, as the defendant sufficiently alleged that defense counsel failed to inform him that a plea of guilty exposed him to mandatory removal from the United States and that, had he been advised that deportation was mandatory, a decision to reject the People's plea offer would have been rational, the County Court erred in failing to conduct a hearing on the defendant's motion (*see Padilla v Kentucky*, 559 US 356 [2010]; *People v Varenga*, 115 AD3d 684, 686-687 [2014], *lv granted* 23 NY3d 1068 [2014]; *People v Picca*, 97 AD3d 170, 174 [2012]).

In light of our determination, we do not consider the defendant's remaining contentions. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.