◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OGECHUKWU UDEOZO, Appellant. [35 NYS3d 165]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Richmond County (Meyer, J.), dated November 30, 2011, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 2, 2006, convicting her of grand larceny in the fourth degree, upon her plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

On January 12, 2006, the defendant, a Nigerian immigrant and lawful permanent resident of the United States, pleaded guilty to grand larceny in the fourth degree, and on May 2, 2006, the promised sentence was imposed. In 2011, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, alleging that she received ineffective assistance of counsel in connection with the entry of her plea of guilty. The defendant claimed, in an affidavit, that her former attorney never advised her about the immigration consequences of her plea. In an affidavit submitted in support of her motion, the defendant's former attorney admitted that he "was not aware of the immigration implications in pleading guilty and so did not inform [the defendant]." In an order dated November 30, 2011, the Supreme Court denied the defendant's motion. The court reasoned that the defendant was adequately warned by the court during the plea proceeding of the possibility that she would be deported, or denied citizenship, if she pleaded guilty. The defendant appeals, by permission, from the order dated November 30, 2011.

We conclude that the defendant's motion was properly denied, albeit for a reason different from that relied upon by the Supreme Court. In *Padilla v Kentucky* (559 US 356 [2010]), the United States Supreme Court ruled that the Sixth Amendment to the United States Constitution requires criminal defense counsel to advise their noncitizen clients about the risk of deportation arising from a guilty plea. The *Padilla* decision, however, does not apply retroactively in state court postconviction proceedings (*see People v Baret*, 23 NY3d 777, 782-783 [2014]; *People v Pinto*, 133 AD3d 787, 790-791 [2015]). At the time that the defendant entered her plea of guilty in 2006, her former attorney's performance was governed by the rule that "the failure of [defense] counsel to warn [a] defendant of the possibility of deportation" did not constitute ineffective assistance of counsel (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Baret*, 23 NY3d at 785; *People v Astwood*, 122 AD3d 936, 937 [2014]; *People v Chacko*, 119 AD3d 955 [2014]).

Since the defendant's judgment of conviction became final long before *Padilla* was decided in 2010, the failure of the defendant's former attorney to warn her about the immigration consequences of her plea does not, in this case, constitute ineffective assistance of counsel (*see People v Pinto*, 133 AD3d at 790-791; *People v Pena*, 132 AD3d 910, 911 [2015]; *People v Taylor*, 124 AD3d 807, 807 [2015]).

The defendant's contention that her former attorney inaccurately told her that her green card would not be revoked as a result of pleading guilty is not properly before this Court, as it was not raised in the defendant's CPL 440.10 motion (*see People v Cruz*, 131 AD3d 970, 972 [2015]).

Accordingly, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.