Per Curiam.

Although it is the general rule that coram nobis will not lie to correct errors appearing on the face of the record (People v. Sullivan, 3 N Y 2d 196), this court recognized an exception in a case where the trial court denied to a defendant his right to counsel of his own choice (People v. Silverman, 3 N Y 2d 200, 202). Thus we wrote in the Silverman case: “ Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record ” (p. 202).
If the petitioner in this case was, as he asserts, deprived of counsel of his choice at the time of sentence, such deprivation would be violative of the rights secured to the petitioner under the State Constitution (N. Y. Const., art. I, § 6; People v. Price, 262 N. Y. 410; see, also, People ex rel. Miller v. Martin, 1 N Y 2d 406), notwithstanding the absence of any mandate in this jurisdiction, constitutional or otherwise, which requires that an accused should have counsel at the time sentence is imposed (People v. De Maio, 279 App. Div. 596, affd. 303 N. Y. 939).
Where, as here, there are no minutes, court documents or other incontrovertible evidence presented to rebut the claim of the petitioner, the petition may not be dismissed without a hearing at which evidence may be submitted which should show whether or no counsel of petitioner’s choice has been ousted.
As the record before us raises questions of fact and credibility which can only be resolved after a hearing, the determi *319 nation of the County Court was incorrect. (People v. Langan, 303 N. Y. 474; People v. Richetti, 302 N. Y. 290.)
The order appealed from should be reversed and the case remitted to the County Court, Bronx County, for a hearing.
Chief Judge Desmond and Judges Fuld, Burke and Foster concur in Per Curiam opinion; Judges Dye, Froessel and Van Voorhis dissent and vote to affirm in the following memorandum : Both defendant and the District Attorney have submitted their conflicting verified statements. Neither party asserts that he has any additional evidence. The record shows the defendant made his present application about seven years after his earlier conviction, following his later conviction for second degree manslaughter and after he had ascertained that the sentencing minutes with respect to the earlier conviction were no longer available. The courts below had the right to disbelieve his claim that a County Judge had substituted an Assistant District Attorney in place of his own attorney — then present in court — at the time of receiving a suspended sentence.
Order reversed, etc.