OPINION OF THE COURT
Marie G. Santagata, J.
The defendant has moved this court for an order pursuant to CPL 210.20 dismissing the indictment on the ground that the defendant was not accorded the opportunity to testify before the Grand Jury (CPL 190.50) with his attorney (CPL 190.52).
Defendant’s motion is granted.
*401 CPL 190.50 (5) (a) provides that a defendant possesses the statutory right to testify before a Grand Jury in his own behalf provided he satisfies the procedural requirements of notice to the District Attorney. In exercising this right, CPL 190.52 ensures a criminal defendant the additional right to be represented by retained counsel of his choice or by court-appointed counsel if he is indigent. Thus, the right to counsel embodied in CPL 190.52 is part of the defendant’s statutory right to testify before the Grand Jury. Denial of a defendant’s right to counsel is, inferentially, a denial of the right to testify provided in CPL 190.50 (5) (a). Consequently, an indictment procured in violation of a defendant’s right to counsel mandates a dismissal under CPL 190.50 (5) (c).
In this case the defendant complied with the statutory requirements of notifying the District Attorney that he wished to testify before the Grand Jury. He requested an adjournment of three weeks because of the unavailability of his retained attorney, who was going to be out of the country. The Assistant District Attorney refused to schedule the Grand Jury presentation for a date after the attorney’s return, suggesting that defendant obtain another attorney.
This was not an unnecessary and/or unreasonable dilatory tactic by the defendant. It was not motivated by “bad faith or manipulation” (People v Arroyave, 49 NY2d 264, 270, 271; People v Diaz, 137 Misc 2d 181); nor would the requested adjournment cause an indefinite delay in the presentment (People v Ferrara, 99 AD2d 257, 261); nor had the defendant made previous requests for adjournments (supra).
The refusal to delay the presentment caused undue prejudice to the defendant whereas the People would not have been prejudiced by rescheduling the presentment. At the time of defendant’s request, the Grand Jury had not heard any evidence relating to this matter and the Assistant District Attorney was not under any time constraints to start and/or complete the presentment before the expiration of the Grand Jury panel’s term.
The right of a criminal defendant to be represented by counsel of his own choice is a principle which has long been recognized by both the State and Federal courts. (Chandler v Fretag, 348 US 3, 9; Powell v Alabama, 287 US 45, 53; People v Price, 262 NY 410, 412; People v McLaughlin, 291 NY 480, 482; People v Hannigan, 7 NY2d 317, 318.)
The refusal to adjourn the presentment abridged the defen *402 dant’s constitutional right to be represented by counsel of his own choice, thus depriving the defendant of his statutory rights to testify as guaranteed in CPL 190.50 (5).
Accordingly, defendant’s motion to dismiss the indictment is granted.
The District Attorney is hereby authorized to submit the charge to the same or another Grand Jury within 45 days of the date of the issuance of this order. (CPL 210.20 [4].)