=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 193
The People &c.,
          Respondent,
        v.
Howard Grubstein,
          Appellant.




          Richard L. Herzfeld, for appellant.
          Elizabeth L. Schulz, for respondent.










SMITH, J.:

          We hold that a defendant who asserts that he was

deprived of his right to counsel when he pleaded guilty pro se is

not barred from raising that claim in a motion under CPL 440.10

by his failure to raise it on direct appeal.

          In 2008, defendant pleaded guilty in Tuxedo Town Court

- 1 -

to a misdemeanor charge of driving while intoxicated.  He was not represented by counsel in the Town Court proceeding, was not advised of his right to appeal, and took no appeal.  In 2010, having been arrested again for a similar offense, he was charged with a felony under Vehicle and Traffic Law § 1193 (1) (c) (i), applicable to a person who drives while intoxicated after having been convicted of such a crime within the preceding 10 years.  He then moved in Town Court to withdraw his 2008 guilty plea.

Town Court granted the motion, concluding that defendant's "waiver of counsel was not made knowingly or intelligently."  On the People's appeal, the Appellate Term reversed, concluding that Town Court erred in deciding the merits of "certain of defendant's claims" because "to the extent that adequate facts appeared in the record to evaluate" those claims "the only possible avenue of review was a direct appeal" (People v Grubstein, 37 Misc 3d 142(A) [App Term 2012]).  A Judge of this Court granted leave to appeal (21 NY3d 1015 [2013]), and we now reverse.

It is correct as a general matter that, when the record is sufficient to permit review of an issue on direct appeal, a defendant who either has not appealed his conviction or, having appealed, has failed to raise that issue is barred from later asserting it as a basis for post-conviction relief (see People v Cuadrado, 9 NY3d 362 [2007]).  CPL § 440.10 (2) (c) says:

> "Notwithstanding the provisions of
> subdivision one, the court must deny a motion

to vacate a judgment when:
* * *
" (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him[.]"

But there is an obvious risk of unfairness in applying this procedural bar where the ground that the defendant seeks to raise is that he was deprived of his right to counsel. If he was indeed deprived of that right, that very deprivation may well have led him either not to appeal or not to have presented the issue to an appellate court. A defendant who has wrongly been deprived of a lawyer can hardly be blamed for failing to follow customary legal procedures.

Section 440.10 (2) (c) itself appears to recognize this problem, by making its bar applicable only where the failure to appeal, or the failure to raise a particular argument, is "unjustifiable." The statute thus implies that such failures are sometimes justifiable, and an interference with the right to counsel that impaired the defendant's ability to pursue appellate relief should normally be a sufficient justification. Here, the justification is made stronger by Town Court's failure, at the time of the 2008 plea and sentence, to advise defendant of his right to appeal, though an applicable regulation requires that

advice to be given when a defendant appears pro se (see 22 NYCRR 671.5).

Before the enactment of CPL 440 New York courts recognized, in cases discussing the writ of error coram nobis, section 440's common-law predecessor, that the usual procedural barriers to post-conviction relief must sometimes be relaxed when a violation of the right to counsel is claimed. "'Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record'" (People v Hannigan, 7 NY2d 317, 318 [1960] [per curiam], quoting People v Silverman, 3 NY2d 200, 202 [1957]; see also People ex rel. Sedlak v Foster, 299 NY 291, 294 [1949]; Matter of Bojinoff v People, 299 NY 145, 152 [1949]; Hogan v Court of Gen. Sessions of County of N.Y., 296 NY 1, 9 [1946]). The limitation of CPL 440.10 (2) (c)'s procedural bar to cases of "unjustifiable" failure may be seen as a codification of the rule stated in those cases.

We conclude, in short, that defendant was not barred from raising his right to counsel claim in a CPL 440 motion. We express no opinion on the merits of the claim.

Accordingly, the order of the Appellate Term should be reversed and the case remitted to the Appellate Term for consideration of issues raised but not determined on the appeal to that court.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and case remitted to the Appellate Term, Ninth and Tenth Judicial Districts, for consideration of issues raised but not determined on the appeal to that court.  Opinion by Judge Smith.  Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur.


Decided November 18, 2014