■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASTRIT CENI, Appellant. [999 NYS2d 385]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered on or about January 31, 2014, which denied defendant's CPL 440.10 motion to vacate a 1998 judgment of conviction, unanimously affirmed.

The court properly denied defendant's 440 motion. The only branch of the motion that arguably may be addressed under CPL article 440, rather than on direct appeal, is defendant's ineffective assistance of counsel claim. However, the gist of this claim is defendant's assertion that his attorney never told him that he was pleading guilty to the depraved indifference element of the crime of reckless endangerment, leading to negative immigration consequences. Thus, defendant has not set forth any cognizable ineffectiveness claims that are independent of *Padilla v Kentucky* (559 US 356 [2010]), which was decided after defendant's conviction became final, and which has no retroactive application to this appeal (*see Chaidez v United States*, 568 US —, 133 S Ct 1103 [2013]; *People v Baret*, 23 NY3d 777 [2014]).

All of defendant's remaining arguments, including his claims that the court misadvised him of the immigration consequences of his plea, that the factual portion of the plea allocution was

deficient, and that the Supreme Court Information was jurisdictionally defective, are barred by CPL 440.10 (2) (c). In each instance, the basis for the argument "is clear from the face of the record and therefore not properly raised in a CPL article 440 motion" (*People v Louree*, 8 NY3d 541, 546 [2007]). There is "no reason to distinguish between issues of law and issues that seek to invoke this Court's interest of justice jurisdiction" (*People v Pedraza*, 56 AD3d 390, 391 [1st Dept 2008], *lv denied* 12 NY3d 761 [2009]). As to each claim, the transcript speaks for itself, and there is no merit to defendant's assertion that some of these claims require further development of the record.

Defendant did not appeal from the underlying 1998 conviction. Accordingly, there was no appellate review, "owing to the defendant's unjustifiable failure to take or perfect an appeal" (CPL 440.10 [2] [c]). Defendant's claim that he was not informed of his right to appeal is refuted by the record, including the court worksheet, as well as the presumption of regularity that attaches to judicial proceedings (*see People v Quinones*, 112 AD3d 411 [1st Dept 2013], *lv denied* 22 NY3d 1158 [2014]). Defendant's failure to appeal was "unjustifiable" within the meaning of the statute (*see People v Stewart*, 16 NY3d 839, 841 [2011]), and defendant has presented nothing to the contrary. Moreover, defendant's arguments concerning the circumstances of his failure to appeal are similar to arguments raised on defendant's unsuccessful coram nobis motion (2014 NY Slip Op 73661[U] [1st Dept 2014]). Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.