■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS LLIBRE, Appellant. [2 NYS3d 459]—

Order, Supreme Court, New York County (Bonnie G. Wittner,

J.), entered on or about June 27, 2013, which denied defendant's CPL 440.10 motion to vacate a 2007 judgment of conviction, unanimously affirmed.

Defendant's ineffectiveness of counsel claims are primarily based on his attorney's alleged failure to advise him about the risk of deportation arising from his guilty plea (*see Padilla v Kentucky*, 559 US 356 [2010]). However, *Padilla* has no retroactive application to this appeal (*see Chaidez v United States*, 568 US —, 133 S Ct 1103 [2013]; *People v Baret*, 23 NY3d 777 [2014]). Since the *Padilla* rule does not apply here, defendant has no basis under either the United States or New York Constitutions for claiming that the alleged lack of immigration advice constituted ineffective assistance of counsel (*see People v Chacko*, 119 AD3d 955 [2d Dept 2014], *lv denied* 24 NY3d 1001 [2014]).

In addition to his *Padilla* claim, defendant argues that his counsel affirmatively misadvised him about the immigration consequences of his guilty plea (*see People v McDonald*, 1 NY3d 109, 111 [2003]). However, defendant's factual allegations failed to support such a claim (*see* CPL 440.30 [4]). In his affidavit, defendant only claimed his attorney told him that, after taking the plea, he "would just get probation and the case would be over." This does not constitute erroneous advice on the subject of deportation (*see People v Melo-Cordero*, 123 AD3d 595 [1st Dept 2014]; *see also People v Simpson*, 120 AD3d 412 [1st Dept 2014]).

Defendant's claim relating to the court's inadequate or erroneous advice concerning the immigration consequences of the plea (*see People v Peque*, 22 NY3d 168 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]) "[would be] clear from the face of the record and therefore not properly raised in a CPL article 440 motion" (*People v Louree*, 8 NY3d 541, 546 [2007]; *see also People v Simpson*, 120 AD3d at 412). Defendant has not established any cognizable justification for his failure to appeal (*see* CPL 440.10 [2] [c]; *People v Stewart*, 16 NY3d 839, 841 [2011]; *People v Ceni*, 123 AD3d 506 [1st Dept 2014]), and nothing in *People v Grubstein* (24 NY3d 500 [2014]), which involves a complete deprivation of counsel, is to the contrary. Moreover, defendant's argument that his failure to appeal was the product of ineffective assistance of counsel has been rejected by this Court on defendant's coram nobis motion (2014 NY Slip Op 73663[U] [1st Dept 2014]). In addition, while the remedy for a *Peque* error may involve a remand for fact-finding proceedings (22 NY3d at 200-201), we reject defendant's argument that this circumstance permits a record-based *Peque* claim to be raised on a CPL 440.10 motion.

In any event, even if the statute permitted a record-based *Peque* claim to be raised by way of CPL article 440, defendant's claim would still be unavailing. Although *Peque* is retroactive to cases pending on direct appeal (*People v Brazil*, 123 AD3d 466 [1st Dept 2014]), there is no basis under the principles set forth in *People v Pepper* (53 NY2d 213 [1981], *cert denied* 454 US 967 [1981]) to extend retroactivity to convictions that have become final. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.