■ The People of the State of New York, Respondent, v Victor A. Pena, Appellant. [18 NYS3d 123]—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Braslow, J.), dated April 16, 2014, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Vaughn, J.), rendered February 6, 1998, convicting him of conspiracy in the fourth degree, upon his plea of guilty, on the ground that he was not advised by the County Court of the immigration consequences of his plea of guilty.

Ordered that the order is affirmed.

In 1998, the defendant was convicted, upon his plea of guilty, of conspiracy in the fourth degree. In 2014, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the County Court had failed to advise him of the immigration consequences of his plea, pursuant to the Court of Appeals' holding in *People v Peque* (22 NY3d 168 [2013]).

The County Court properly denied the defendant's motion. The defendant's conviction became final prior to *People v Peque* (22 NY3d 168 [2013]), in which the Court of Appeals held that courts were required to advise defendants of the deportation consequences of a plea of guilty. The defendant contends that *Peque* should be applied retroactively. This contention is without merit.

Previously, in *Padilla v Kentucky* (559 US 356 [2010]), the United States Supreme Court held that defense counsel were under a duty to advise noncitizen defendants of the deportation risks of their pleas of guilty. It is now settled that the *Padilla* decision does not apply retroactively in state court postconviction proceedings (*see People v Baret*, 23 NY3d 777, 781 [2014]; *People v Andrews*, 108 AD3d 727 [2013]). For the same reasons, we decline to give retroactive application to *Peque*, which, like *Padilla*, concerns the immigration consequences of a plea of guilty, and "rather than going to the heart of a reliable determination of guilt or innocence, instead concentrates on the defendant's appreciation of the immigration consequences that may flow from an otherwise proper plea allocution" (*People v Andrews*, 108 AD3d at 728; *see People v Baret*, 23 NY3d at 779-800). Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.