■ The People of the State of New York, Respondent, v Dorcey Lovejoy, Appellant. [24 NYS3d 902]—

Order, Supreme Court, Bronx County (Barbara F. Newman, J.), entered on or about June 11, 2014, which denied defendant's CPL 440.10 motion to vacate a 1999 judgment of conviction, unanimously affirmed.

Defendant's claim that the court failed to advise him of the immigration consequences of his plea (*see People v Peque*, 22 NY3d 168 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]), is not properly raised in a CPL article 440.10 motion, because that claim would be "clear from the face of the record" (*People v Llibre*, 125 AD3d 422, 423 [1st Dept 2015], *lv denied* 26 NY3d 969 [2015]). While the remedy for a *Peque* error may involve a remand, upon the direct appeal, for fact-finding proceedings

(22 NY3d at 200-201), that circumstance does not permit a record-based *Peque* claim to be raised on a CPL 440.10 motion (*Llibre*, 125 AD3d at 423).

Even if the statute permitted a record-based *Peque* claim to be raised in a CPL 440.10 motion, defendant's claim nonetheless would be unavailing. Although *Peque* is retroactive to cases pending on direct appeal (*People v Brazil*, 123 AD3d 466 [1st Dept 2014], *lv denied* 25 NY3d 1198 [2015]), there is no basis to extend retroactivity to collateral review of convictions that have become final (*Llibre*, 125 AD3d at 424). Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.