OPINION OF THE COURT
Suzanne Melendez, J.
The defendant is a deported alien and a native of Peru who now resides in Colombia. On September 11, 1991, the defendant was arrested and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, violations of Penal Law §§ 220.39 (1); 220.16 (1), and 220.06. On September 17, 1991, she appeared with counsel and pleaded guilty to attempted criminal sale of a controlled substance in the third degree in exchange for a promised sentence of 30 days’ incarceration and five years’ probation. The defendant violated probation on September 4, 1992. Sixteen years later, on October 6, 2008, she was resentenced on the violation of probation to a period of nine months’ incarceration. On May 19, 2009 the defendant was deported.
She now moves through counsel to vacate her conviction pursuant to section 440.10 of the Criminal Procedure Law. The defendant contends she received ineffective assistance of counsel because her attorney failed to inform her of the immigration consequences of her plea. She also claims that she was denied due process because the court failed to inform her of the immigration consequences of her plea.
To begin with, since she has been deported, this court will not entertain her motion to vacate. However, this is not because she would be unable to participate in further legal actions or to obey a mandate of the court. (See People v Reid, 34 Misc 3d 1234[A], 2012 NY Slip Op 50371[U] [2012].) Recently, in People v Harrison (27 NY3d 281 [May 5, 2016]) the Court of Appeals explained that a defendant who has been involuntarily deported must have her appeal decided if she has a fundamental right or basic entitlement to a direct appeal pursuant to CPL 450.10. This is so regardless of whether the granting of that appeal would require the defendant’s further legal *558 participation. However, where a permissive appeal is pending pursuant to CPL 450.15, there is no such fundamental right to have an appeal decided. One example of a permissive appeal is an appeal from a trial court’s order denying a CPL 440.10 motion. In that instance, the appellate court may dismiss the appeal because the defendant has been involuntarily deported.
Using a similar analogy in the instant action, the defendant’s motion to vacate her conviction may be dismissed since a defendant does not have an absolute or fundamental right to move pursuant to CPL 440.10. The statute itself states that the court “may” vacate such a judgment upon the proper grounds, not that it must. The right to take a CPL 440.10 motion is not a fundamental right but one that is created by statute. Furthermore, should the deported defendant appeal the trial court’s CPL 440.10 decision, the appellate court would not be required to entertain it. Logically it follows that the trial court may choose not to entertain a CPL 440.10 motion where the defendant has been involuntarily deported.
In any event, in the instant case, the defendant has failed to establish that her counsel was ineffective or that the court was remiss in not advising her of the immigration consequences of her plea. At the time the defendant entered her plea in 1991, neither the court nor counsel were required to warn a defendant of possible immigration consequences of a guilty plea. (See Padilla v Kentucky, 559 US 356 [2010]; Chaidez v United States, 568 US —, 133 S Ct 1103 [2013]; People v Baret, 23 NY3d 777 [2014]; People v Peque, 22 NY3d 168, 201-202 [2013]; People v Ford, 86 NY2d 397 [1995]; People v Pena, 132 AD3d 910 [2d Dept 2015]; People v Llibre, 125 AD3d 422 [1st Dept 2015].)
Accordingly, the defendant’s motion to vacate her conviction on the grounds that the court and defense counsel allegedly failed to warn her of the immigration consequences of her guilty plea is denied.
[Portions of opinion omitted for purposes of publication.]