The People of the State of New York, Appellant, 
against
Raymond G. Brown, Respondent.




Orange County District Attorney (Nicholas D. Mangold of counsel), for appellant.
Ryanne G. Konan, for respondent.

Appeal from an order of the City Court of Newburgh, Orange County (Paul D. Trachte, J.), dated January 3, 2017. The order granted, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate a judgment of that court rendered June 10, 2016 convicting him, upon his plea of guilty, of criminal possession of marihuana in the fifth degree.




ORDERED that the order is reversed, on the law, and the matter is remitted to the City Court for a new determination, following a hearing, of defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered June 10, 2016.
In July 2015, defendant was charged in a felony complaint with criminal possession of marihuana in the second degree (Penal Law § 221.25). The complaint states that "defendant did possess a box containing three clear plastic bags which contained a green leafy substance as well as a clear plastic baggie containing several small zip lock style baggies that contained a green leafy substance"; that said "green leafy substance" weighed 45.5 ounces; and that a field test of the substance had tested positive for the presence of marihuana. In March 2016, the felony charge was reduced to criminal possession of marihuana in the fourth degree (Penal Law § 221.15), a class A misdemeanor, and, upon the advice of his attorney, defendant pleaded guilty to criminal possession of marihuana in the fifth degree (Penal Law § 221.10), a class B misdemeanor. Defendant was sentenced to one year of probation. By notice of motion returnable in September 2016, defendant moved, pursuant to CPL 440.10, to vacate of the judgment of conviction on the ground that he had received the ineffective assistance of counsel because his plea attorney had misadvised him regarding the possible immigration consequences of his plea (see Padilla v Kentucky, 559 US 356 [2010]). By order dated January 3, 2017, the City Court summarily granted defendant's motion. This appeal by the People ensued.
Under the Federal and State constitutions, a defendant has the right to the effective assistance of counsel (see US Const 6th Amend; NY Const, art I, § 6; Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]). Strickland established a [*2]two-prong test that a defendant must satisfy to be entitled to relief upon a motion to vacate a judgment of conviction based on a claim of ineffective assistance of counsel. The first prong requires a showing that counsel's representation fell below an objective standard of reasonableness (see Padilla v Kentucky, 559 US 356; Strickland v Washington, 466 US at 687; People v Turner, 5 NY3d 476 [2005]). The second prong, also known as the prejudice prong, requires that a defendant "affirmatively prove prejudice," which means that even if a defendant establishes that his attorney's representation fell below an objective standard of reasonableness, the conviction will not be set aside if the errors had no effect on the judgment (see Hill v Lockhart, 474 US 52, 59 [1985]; Strickland v Washington, 466 US at 692—693; People v Hernandez, 22 NY3d 972, 974-975 [2013]).
In the case at bar, defendant demonstrated that, following his June 2016 plea of guilty to criminal possession of marihuana in the fifth degree, defendant faced deportation pursuant to 8 USC § 1227 (a) (1) (A) because, by pleading guilty, he was convicted of a "violation of . . . any law or regulation of a State . . . relating to a controlled substance" (8 USC § 1182 [a] [2] [A] [i] [II]) and 21 USC § 802 (16) defines marihuana as a controlled substance.
Where the deportation consequences of a conviction are "truly clear . . . the duty to give correct advice is equally clear" (Padilla v Kentucky, 559 US at 369). In People v Peque (22 NY3d 168 [2013]), the Court of Appeals stated that "because deportation is so closely related to the criminal process and carries such high stakes for noncitizen defendants, a defense attorney deprives a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea" (id. at 191; see also Padilla v Kentucky, 559 US at 366-374). Contrary to the People's argument, in the City Court and on appeal, that the deportation consequences in the case at bar were not clear, we find that the consequences were clear as set forth in the aforementioned federal statutes. Thus, the affidavit defendant submitted in support of his motion pursuant to CPL 440.10 to vacate the judgment of conviction demonstrates that defendant met the first prong of the Strickland test by establishing that his plea attorney's representation fell below an objective standard of reasonableness (see Padilla v Kentucky, 559 US 356; Strickland v Washington, 466 US at 687; People v Turner, 5 NY3d 476; People v Stultz, 2 NY3d 277, 283 [2004]).
With respect to the second prong of the Strickland test, defendant's affidavit demonstrated prima facie that "there is a reasonable probability that, but for counsel's [misadvice, defendant] would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US at 59; see also Lee v United States, __ US__, 137 S Ct 1958, 1964 [2017]; Strickland v Washington, 466 US at 694; People v Hernandez, 22 NY3d at 974-975). However, inasmuch as the allegations in defendant's motion papers were neither conceded by the People to be true nor "conclusively substantiated by unquestionable documentary proof" (CPL 440.30 [3] [c]), a hearing is necessary in order for the City Court to make the required "findings of fact essential to the determination" of the motion (CPL 440.30 [5]; see People v Roberts, 143 AD3d 843 [2016]).
Furthermore, without addressing the merits of the People's argument relating to the City Court's failure to inform defendant of the possible immigration consequences of his plea (see People v Peque, 22 NY3d 168), we note that that argument is not cognizable on a CPL 440.10 [*3]motion, since the court's failure to inform defendant would be clear on the face of the record and, thus, the issue can be raised only on a direct appeal (see People v Louree, 8 NY3d 541, 546 [2007]; People v Llibre, 125 AD3d 422, 423 [2015]). The People's remaining contention lacks merit.
Accordingly, the order is reversed and the matter is remitted to the City Court for a new determination, following a hearing, of defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered June 10, 2016.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2018