The People of the State of New York, Respondent,
against
Everts O. C. Silva, Appellant.




Bruno J. Bembi, for appellant.
Suffolk County District Attorney (Elizabeth Miller of counsel), for respondent.

Appeal, by permission, from an order of the District Court of Suffolk County, First District (Karen Kerr, J.), dated June 5, 2017. The order denied, without a hearing, defendant's motion, pursuant to CPL 440.10, to vacate a judgment of that court (Carol MacKenzie, J.) rendered March 3, 2000, convicting him of criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence.




ORDERED that the order is affirmed.
On March 3, 2000, defendant, a Sri Lankan immigrant and lawful permanent resident of the United States, was convicted, upon his plea of guilty, of criminal possession of a forged instrument in the third degree (Penal Law § 170.20). In March, 2017, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the ground, insofar as is relevant to this appeal, that the District Court had failed to advise him, pursuant to People v Peque (22 NY3d 168 [2013]), of the immigration consequences of his plea. 
In an order dated June 5, 2017, the District Court denied the motion, without conducting a hearing, on the ground that the rule enunciated in Peque did not apply retroactively. By decision [*2]and order on application dated September 18, 2017, a justice of this court granted defendant leave to appeal from the June 5, 2017 order (see CPL 450.15 [1]; 460.15).
The District Court properly denied defendant's motion. Defendant's conviction became final before Peque, in which the Court of Appeals required courts to advise defendants of the adverse deportation consequences of a plea of guilty, became law. Defendant's contention that Peque should apply retroactively to convictions, such as his, that have become final, lacks merit.
In Padilla v Kentucky (559 US 356 [2010]), the United States Supreme Court held that defense counsel is obligated to advise noncitizen defendants of the deportation risks attendant with their pleas of guilty. In analyzing Padilla under the three factors enumerated in People v Pepper (53 NY2d 213 [1981]), to "judg[e] whether it is more appropriate to . . . grant full retroactive application (permitting a collateral attack on a conviction no longer in normal appellate channels) or to limit relief to prospective" cases (id. at 220), the Court of Appeals held that Padilla does not apply retroactively in postconviction proceedings (see People v Baret, 23 NY3d 777 [2014]). Similarly, it would be improper to grant Peque full retroactive application (see e.g. People v Pena, 132 AD3d 910 [2d Dept 2015]; People v Llibre, 125 AD3d 422, 424 [1st Dept 2015] ["Although Peque is retroactive to cases pending on direct appeal, there is no basis under the principles set forth in People v Pepper (53 NY2d 213 [1981], cert denied 454 US 967 [1981]) to extend retroactivity to convictions that have become final."] [citation omitted]).
Accordingly, the order is affirmed.
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 17, 2019