The People of the State of New York, Appellant,
against
Michael Hall, Respondent.




Orange County District Attorney (William C. Ghee and Andrew R. Kass of counsel), for appellant.
Spar & Bernstein, PC (David A. Moreno of counsel), for respondent (no brief filed).

Appeal from an order of the City Court of Newburgh, Orange County (Peter M. Kulkin, J.), dated May 16, 2018. The order granted defendant's motion, pursuant to CPL 440.10, to vacate a judgment of that court (Richard Farina, J.) rendered May 24, 1999, convicting him, upon his plea of guilty, of criminal sale of marihuana in the fifth degree, and imposing sentence, and upon vacatur, dismissed the accusatory instrument in furtherance of justice, pursuant to CPL 170.40 (1).




ORDERED that the order is reversed, on the law, and defendant's motion, pursuant to CPL 440.10, to vacate the judgment of conviction is denied.
In 1999, defendant was convicted, upon his plea of guilty, of criminal sale of marihuana in the fifth degree (Penal Law § 221.35). In January of 2018, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction on the grounds that, at the 1999 plea proceeding, his assigned attorney had failed to advise him, as required by Padilla v Kentucky (559 US 356 [2010]), of the potential immigration and deportation consequences of his guilty plea, and that the City Court had also failed to do so, as required by People v Peque (22 NY3d 168 [2013]). The People opposed the motion, contending that defendant was not eligible for the relief he was seeking. In an order dated May 16, 2018, the City Court granted defendant's [*2]motion, vacated his judgment of conviction, and dismissed the accusatory instrument in furtherance of justice, pursuant to CPL 170.40 (1). 
In Padilla (559 US at 360, 374), the United States Supreme Court held that defense counsel is obligated to advise noncitizen defendants of the deportation risks attendant with their pleas of guilty. However, in Chaidez v United States (568 US 342, 354 [2013]), the Supreme Court determined that Padilla announced a "new rule," which did not apply retroactively for purposes of federal collateral review. Additionally, in People v Baret (23 NY3d 777, 782 [2014]), the Court of Appeals determined that Padilla should not be applied retroactively in "state court postconviction proceedings." Consequently, at the time, the failure of defense counsel to advise defendant of the immigration consequences of his plea did not constitute the ineffective assistance of counsel (see Chaidez, 568 US at 354; Baret, 23 NY3d at 782; see also People v Llibre, 125 AD3d 422 [2015]; People v Taylor, 124 AD3d 807 [2015]; People v Chacko, 119 AD3d 955 [2014]; People v Vargas, 117 AD3d 885 [2014]; People v Andrews, 108 AD3d 727 [2013]; People v Alvarez, 49 Misc 3d 133[A], 2015 NY Slip Op 51448[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). 
In Peque (22 NY3d 168), the Court of Appeals held that a trial court has a duty to inform a defendant about the deportation consequences of pleading guilty to a felony, but specifically left open the question of whether this duty applies to misdemeanors. While a claim relating to a trial court's inadequate or erroneous advice concerning the immigration consequences of a plea would generally be clear from the face of the record and therefore not properly the subject of a CPL 440.10 motion (see CPL 440.10 [2] [c]; Llibre, 125 AD3d 422; People v Simpson, 120 AD3d 412 [2014]), here, there are no transcripts from defendant's plea proceeding since they were destroyed by the City Court after they were more than 10 years old. In any event, the duty enunciated by Peque does not apply retroactively to a collateral review of convictions that have become final, such as defendant's conviction (see People v Lovejoy, 136 AD3d 513 [2016]; People v Pena, 132 AD3d 910 [2015]; Llibre, 125 AD3d 422; People v Silva, 62 Misc 3d 142[A], 2019 NY Slip Op 50088[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Consequently, defendant's motion should have been summarily denied (see CPL 440.30 [4] [a]), since the moving papers did not allege any ground constituting a legal basis for the motion.
Accordingly, the order is reversed and defendant's motion, pursuant to CPL 440.10, to vacate the judgment of conviction is denied.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 3, 2019