People v Zuckerman (2021 NY Slip Op 50587(U))

[*1]

People v Zuckerman (Ira)

2021 NY Slip Op 50587(U) [72 Misc 3d 127(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-648 S CR

The People of the State of New York,
Appellant,
against
Ira Zuckerman, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
McCarthy & Carbone, P.C. (Keith A. Lavallee of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Andrew Kay, J.H.O.), issued on March 1, 2019. The order
granted defendant's motion to dismiss the simplified traffic information.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the
simplified traffic information is denied, and the matter is remitted to the District Court of Suffolk
County, Suffolk County Traffic and Parking Violations Agency, for all further proceedings.
On June 9, 2018, defendant was charged in a simplified traffic information with speeding
(Vehicle and Traffic Law § 1180 [b]) for driving a 2012 Lexus at a speed of 70 miles per
hour (mph) in a 55 mph zone on southbound side of the Sagtikos State Parkway, near exit S3. On
March 1, 2019, the matter appeared on the calendar of the District Court, Suffolk County Traffic
and Parking Violations Agency, for trial. Upon the People's request for an adjournment because
the complainant officer had taken his wife to a medical appointment, defendant orally moved to
dismiss the simplified traffic information. The court denied the People's request for an
adjournment and granted defendant's motion on the ground that this was the trooper's third
nonappearance for trial, the People were requesting a third adjournment of the trial date, and
defendant had been ready for trial at each previous appearance.
It is well settled that a trial court can dismiss a pending criminal prosecution only upon the
limited grounds set forth in the Criminal Procedure Law (see Matter of Holtzman v
Goldman, 71 NY2d 564 [1988]; People v Douglass, 60 NY2d 194 [1983]; People v Atta-Poku, 63 Misc 3d
131[A], 2019 NY Slip Op 50414[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Here, [*2]the dismissal of the simplified traffic information was
improper as it was not based on any statutory ground (see e.g. CPL 160.50, 170.30,
290.10). Thus, the court did not have the inherent authority to dismiss the simplified traffic
information based upon the unavailability of the complaining witness, which ground has been
considered a "failure to prosecute" (see People v Douglass, 60 NY2d at 204-205; People v Alonso, 57 Misc 3d
155[A], 2017 NY Slip Op 51611[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017];
People v Ramos, 37 Misc 3d 143[A], 2012 NY Slip Op 52293[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2012]; People
v Murchinson, 31 Misc 3d 146[A], 2011 NY Slip Op 50943[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2011]; People
v Meynard, 18 Misc 3d 130[A], 2008 NY Slip Op 50045[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2008]; People v
Arroyo, 12 Misc 3d 133[A], 2006 NY Slip Op 51181[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2006]; People v
Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2004]).
Accordingly, the order is reversed, defendant's motion to dismiss the simplified traffic
information is denied, and the matter is remitted to the District Court of Suffolk County, Suffolk
County Traffic and Parking Violations Agency, for all further proceedings.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021