People v Bueso (2022 NY Slip Op 51357(U))

[*1]

People v Bueso (Wilmer)

2022 NY Slip Op 51357(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2021-60 OR CR

The People of the State of New
York, Appellant,
against
Wilmer Bueso, Respondent. 

Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Wilmer Bueso, respondent pro se (no brief filed).

Appeal from an order of the City Court of Port Jervis, Orange County (James M.
Hendry, III, J.), entered November 18, 2020. The order, following a hearing, granted
defendant's motion, pursuant to CPL 440.10 (1) (h), to vacate a judgment of that court
(Robert A. Onofry, J.) rendered July 25, 2001, convicting defendant of endangering the
welfare of a child, upon his plea of guilty, and imposing sentence, and, upon such
vacatur, sua sponte suppressed defendant's written statement to the police and dismissed
the accusatory instrument.

ORDERED that the order is modified by vacating so much thereof as sua sponte
suppressed defendant's written statement to the police and dismissed the accusatory
instrument; as so modified, the order is affirmed and the matter is remitted to the City
Court for all further proceedings.
In a decision and order entered January 30, 2020, this court reversed an order of the
City Court, which had granted, without a hearing, defendant's motion, pursuant to CPL
440.10 (1) (h), based upon a claim of ineffective assistance of counsel, to vacate a
judgment of that court, rendered on July 25, 2001, convicting defendant of endangering
the welfare of a child, upon his plea of guilty, and remitted the matter to the City Court
for a new determination, following a hearing, of defendant's motion (People v Bueso, 66 Misc 3d
143[A], 2020 NY Slip Op 50170[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]). 
The hearing was held on March 11, 2020 at which defendant testified that his
assigned counsel had told him that, if he did not plead guilty, he "could spend even more
time in [jail] and . . . even get deported." Additionally, defendant testified that he was
never advised that he had a right to go to trial nor was he given any other options by his
assigned attorney other than to plead guilty. Defendant further testified, among other
things, that he was in the process of adjusting his immigration status in the United States
and that he was told by an immigration court that, in order to do so, he needed to "take
care" of the instant conviction. He also stated that had he known in 2001 that the plea
would affect his immigration status, he would not have entered into it. Following the
hearing, and the submission of post-hearing memoranda of law, the City Court granted
defendant's motion, finding, among other things, that "[i]t is . . . not a leap of logic to
surmise that if a defendant is told he will remain incarcerated and be deported if he does
not plead guilty, that he would conclude that by pleading guilty he would be released
from jail and not be deported based on that conviction." Upon vacating defendant's guilty
plea, the court sua sponte suppressed defendant's written statement to the police and
dismissed the accusatory instrument.
In Padilla v Kentucky (559 US 356 [2010]), the United States Supreme Court
held that, under the Sixth Amendment of the United States Constitution, a defense
counsel is obligated to advise noncitizen defendants of the deportation risks attendant
with their guilty pleas. However, under both federal and state law, Padilla does
not apply retroactively on collateral review in postconviction proceedings (see
Chaidez v United States, 568 US 342, 354 [2013]; People v Baret, 23 NY3d
777, 782 [2014]; People v
Hall, 65 Misc 3d 131[A], 2019 NY Slip Op 51572[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]). Consequently, as defendant herein entered his guilty plea
in 2001, long before Padilla was decided, any claim that defendant may have that
his attorney had failedto advise him of the immigration consequences of his plea does not
amount to ineffective assistance of counsel (see Chaidez, 568 US at 354;
Baret, 23 NY3d at 782; see
also People v Llibre, 125 AD3d 422 [2015]; People v Chacko, 119 AD3d 955 [2014]; Hall,
2019 NY Slip Op 51572[U]).
However, even before Padilla, it was the rule in New York, as first
enunciated by the Court of Appeals in 2003 in the case of People v McDonald (1 NY3d
109 [2003]), that, if sufficiently demonstrated, misadvice given to a defendant by his
or her counsel, concerning the deportation consequences of a defendant's prospective
guilty plea, constitutes ineffective assistance of counsel (see People v Pinto, 167 AD3d
659, 660 [2018]; People v
McKenzie, 4 AD3d 437 [2004]; see also Baret, 23 NY3d at 785). Thus,
prior to Padilla, a defendant could assert a valid ineffective assistance of counsel
claim on the ground that his or her counsel had affirmatively provided inaccurate or
incorrect advice regarding the deportation consequences of a guilty plea (see
Baret, 23 NY3d at 785; People v Gravino, 14 NY3d 546, 554, n 4 [2010];
McDonald, 1 NY3d at 111; People v Lantigua, 184 AD3d 80 [2020] [applied
McDonald to a plea from 1998]; People v Malik, 166 AD3d 650 [2018]; People v Galan, 116 AD3d
787 [2014] [applied to a plea from 1998]; People v Picca, 97 AD3d 170, 177-178 [2012]; People
v Kentucky, 25 AD3d 567 [2006] [applied to a plea from 2002]; McKenzie,
4 AD3d at 439 [applied to a plea from 1997]; People v Valle, 39 Misc 3d 126[A],
2013 NY Slip Op 50409[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]
[applied to a plea from 1999]). Consequently, at the hearing, defendant had the burden of
proving by a preponderance of the evidence that he received [*2]misadvice from his plea counsel and that, considering his
circumstances as they existed at the time he entered his guilty plea (see Roe v Flores-
Ortega, 528 US 470, 480 [2000]; People v Benevento, 91 NY2d 708, 714
[1998]; People v Baldi, 54 NY2d 137, 146-147 [1981]; People v Gaston, 163 AD3d
442, 446 [2018]), he was prejudiced thereby.
We find that, following the hearing, the City Court properly determined that
defendant proved by a preponderance of the evidence that he was misadvised by his
assigned counsel as to the deportation consequences of his guilty plea; that, as a result,
his plea counsel's representation fell below an objective standard of reasonableness
(see McDonald, 1 NY3d at 114-115; People v Saunders, 193 AD3d 766, 768 [2021];
McKenzie, 4 AD3d at 439); and that counsel's deficient performance prejudiced
defendant and affected the "fairness of the process as a whole" (Benevento, 91
NY2d at 714; see Saunders, 193 AD3d at 770) "by foreclosing any possibility of
h[is] achieving a legal immigration status" (People v Botero, 63 Misc 3d 160[A], 2019 NY Slip Op
50882[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Thus, the City
Court properly granted defendant's motion, pursuant to CPL 440.10 (1) (h), to vacate his
judgment of conviction (see Saunders, 193 AD3d at 770; Botero, 2019
NY Slip Op 50882[U]).
However, it was error for the court to have sua sponte suppressed defendant's written
statement made to the police when defendant did not request such relief (see CPL
710.20, 710.40, 710.60, 710.70; People v Serrano, 93 NY2d 73 [1999];
People v Pimentel, 140 AD2d 270 [1988]). It was also error for the court to have
sua sponte dismissed the accusatory instrument without any statutory support therefor
(see Matter of Holtzman v Goldman, 71 NY2d 564 [1988]; People v
Douglass, 60 NY2d 194 [1983]; People v Zuckerman, 72 Misc 3d 127[A], 2021 NY Slip
Op 50587[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Atta-Poku, 63 Misc
3d 131[A], 2019 NY Slip Op 50414[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2019]; cf. CPL 170.40 [2]).
Accordingly, the order is modified by vacating so much thereof as sua sponte
suppressed defendant's written statement to the police and dismissed the accusatory
instrument, and the matter is remitted to the City Court for all further proceedings.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022